# UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ASHANTI MCLEAN,<br>   *Plaintiff*,<br><br>          v.<br><br>VALERIE LECHNER,<br> in her individual capacity,<br>   *Defendant* | Civil Action No. 25-cv-409 |

## INTRODUCTION

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking monetary damages to redress the deprivation by Defendant acting under color of law of rights secured to Plaintiff, Ashanti McLean, under the Eighth and Fourteenth Amendments to the United States Constitution.

## PARTIES

    1.    At all relevant times, Plaintiff Ashanti McLean was a North Carolina state prisoner incarcerated at Neuse Correctional Institution in Goldsboro, North Carolina (Wayne County).

    2.    At all relevant times, Defendant Valerie Lechner was employed as a Correctional Officer at Neuse Correctional Institution.

    3.    In regard to all matters complained of herein, Defendant was acting as an employee and agent of the North Carolina Department of Adult Correction in depriving Plaintiff of her rights secured by the Eighth and Fourteenth Amendments to the United States Constitution. All the actions complained of herein were carried out under color of state law. Defendant Lechner is sued in her individual capacity.

## JURISDICTION AND VENUE

4.   This is an action for damages brought under 42 U.S.C. § 1983.

5.   This Court has subject matter jurisdiction under 29 U.S.C. § 1331 because the claims arise under the Constitution of the United States, and by 28 U.S.C. §1343, in that the claims are for redress of a deprivation under color of state law of rights secured by the Constitution of the United States.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events took place at Neuse Correctional Institute, in Goldsboro, North Carolina (Wayne County), which is located in this District.

## FACTS

7.   In 2022, Ms. McLean, a transgender woman, was incarcerated at Neuse Correctional Institution, where Defendant Lechner was employed as a correctional officer.

8.   In the period leading up to July 16, 2022, Defendant Lechner repeatedly harassed Ms. McLean on account of Ms. McLean being a transgender woman.

9.   Defendant consistently called Ms. McLean "sir" and "boy," saying things like "as long as you're in a male prison, you're a sir," and constantly calling her by her male birth name, rather than her legal name.

10.   Defendant would also frequently check if Ms. McLean was wearing a bra, requiring Ms. McLean show Defendant her bra strap, and repeatedly checking to see if she was wearing a sew-in weave/yarn in her hair.

11.   Defendant also searched Ms. McLean's locker often, taking anything deemed "feminine" (make-up, nail polish, nair, etc.), claiming she was not allowed to have those

2

products, even though they were being sold in the commissary and even though Ms. McLean was permitted to have them.

12. On July 16th, 2022, Plaintiff McLean was working in the kitchen at her job assignment at Neuse CI.

13. Defendant Lechner entered the kitchen, where Plaintiff was working, and requested that Plaintiff lift up her hairnet to demonstrate that she was not wearing any fake sew-in hair.

14. Ms. McLean had signed a contract agreeing that she would never remove her hairnet inside the kitchen for any reason, so she lifted her hairnet half-way in an attempt to comply with Officer Lechner's direction, as well as comply with the standing order not to remove the hairnet in the kitchen.

15. Ms. McLean then requested to speak to her supervisor in the kitchen.

16. In response, Defendant suddenly ordered Ms. McLean to turn around. Defendant cuffed her, and indicated she was going to take Ms. McLean to the Restrictive Housing area (a disciplinary housing area). No other officers were present at this time.

17. Defendant grabbed Ms. McLean, and pinned her against the wall.

18. Defendant did a combat/fight move upon Ms. McLean, and in doing so, struck and injured Ms. McLean's right knee.

19. At the time that Defendant used force on Ms. McLean, Ms. McLean did not pose any threat to Defendant, nor to the order of the prison environment.

20. Defendant used the force on Ms. McLean maliciously and sadistically in order to cause Ms. McLean harm and pain.

21. Defendant Lechner charged Ms. McLean with 3 disciplinary infractions, which were sent to the Disciplinary Hearing Office ("DHO").

22. The first charge was an A-03 charge for assaulting an officer, the second was a B-24 charge for using profane language, and the third was a B-25 charge for failure to comply with an officer's order.

23. DHO dismissed the A-03 charge because there was no evidence that Ms. McLean assaulted Defendant.

24. DHO dismissed the B-25 charge because Ms. Mclean had signed a contract when getting the job to work in the kitchen that she would not remove her hairnet in the kitchen for any reason, so she was within her rights to decline to fully remove the hairnet inside the kitchen.

25. Ms. McLean pled guilty to using profane language under the B-24 charge because she admitted that she used profane language.

26. Ms. McLean suffered physical pain and disability, as well as emotional pain and suffering as a result of the incident, particularly because the excessive force was motivated by hatred for Ms. McLean's transgender status. Among other things, Ms. McLean has undergone physical therapy on the knee, has been treated for knee pain, and has been recommended to undergo knee surgery.

27. Plaintiff has exhausted her administrative remedies.

**CLAIM FOR RELIEF**
EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT
42 U.S.C. § 1983
*On Behalf of Plaintiff Against Defendant Valerie Lechner*

28. At all relevant times, Defendant Lechner was operating under color of law.

29. The Eighth Amendment to the U.S. Constitution protects prisoners from cruel and unusual punishment. This includes protection from excessive use of physical force.

30. Officers may only use force against a prisoner "in a good-faith effort to maintain or restore discipline," not "maliciously and sadistically to cause harm."

31. Defendant used force on Ms. McLean maliciously and sadistically to cause harm and pain, and she suffered physical and emotional injuries as a result.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Afford Plaintiff a trial by jury;

b. Enter a judgment against Defendants for nominal, compensatory, and/or punitive damages for a sum to be determined by jury;

c. All other relief to which Plaintiff may appear entitled, including the costs and attorneys' fees associated with this action.

Respectfully submitted, this the 11th day of July, 2025,

/s/ Elizabeth Simpson
Elizabeth Simpson
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
elizabeth@emancipatenc.org
919-682-1149
*Counsel for Plaintiff*